Attachment A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**

APR 21 2023

U.S. DISTRICT COURT  WVND
CLARKSBURG, WV 26301

JAMES COURY HOLMES # 96239-071 )
F.C.I. Gilmer )
P.O. box 6000 )
Glenville, West Virginia , )
(Full name under which you were convicted, )
prison number, place of confinement, and )
full mailing address) )
)
**Petition for Habeas Corpus**
**Pursuant to 28 U.S.C. § 2241**
)
)
Petitioner, )
vs. )
**Civil Action No.** 3:23-cv-103
(to be assigned by Clerk)
WARDEN R. BROWN , )
(Name of Warden or other authorized person )
where you are incarcerated) )
Groh, Trumble, Sims
)
)
Respondent. )
)

**Important notes to read before completing this form:**

★      Please read the entire petition **before** filling it out. Answer **only** those questions
which pertain to your claim(s).

1.      This petition concerns (check the appropriate box):

☐      a conviction
☑      a sentence
☐      jail or prison conditions
☐      prison disciplinary proceedings
☐      a parole problem
☐      other, state briefly: _____

_____

Attachment A

_____

_____

_____

2.  Are you represented by counsel?      ☐  Yes      ☑ No

    If you answered yes, list your counsel's name and address:  N/A

_____

_____

3.  List the name and location of the court which imposed your sentence:
    United States District Court, District of South Carolina,
    Greenville, Division

_____

4.  List the case number, if known:  6:00-cr-107-1

5.  List the nature of the offense for which the sentence was imposed:
    Four counts of armed bank robbery in violation of 18 U.S.C.
    § 2113 (a), (d): Four counts of possession of a firearm in
    furtherance of a crime of violence, 18 U.S.C. § 924 (c)(1)(a)

6.  List the date each sentence was imposed and the terms of the sentence:
    September, 26, 2000 / 97 months concurrent for the four
    counts of armed bank robbery consecutive to the 960 months
    imposed for the firearm possession under 924 (c)(1)(a).

7.  What was your plea to each count? (Check one)

    ☐   Guilty
    ☑   Not Guilty
    ☐   Nolo Contendere

Attachment A

8.  If you were found guilty after a plea of not guilty, how was that finding made?

☑ A jury
☐ A Judge without a jury
☐ A Magistrate Judge without a jury

9.  Did you appeal from the judgment of conviction or imposition of the sentence?

☑ Yes    ☐ No

10. If you did appeal, give the following information for each appeal:

A.  Name of Court: Fourth Circuit Court of Appeals
B.  Result: per curiam affirmed
C.  Date of Result: March, 21, 2002
D.  Grounds raised (List each one): insufficient evidence /
admission of second defendant's cell-mate testimony /
prosecutor's improper comments

Note: if you filed an appeal in more than one court, attach an additional sheet of paper of the same size and give all of the information requested in Question 10, A through D.

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? This is called a post-conviction pleading.

☑ Yes    ☐ No

If your answer was yes, complete the following sections:

A.  First post-conviction proceeding:
I.  Name of Court: United States District Court

Attachment A

2. Nature of Proceeding: 28 U.S.C. § 2255
3. Grounds Raised: ineffective assistance of counsel
4. Did you receive an evidentiary hearing ?  ☐ Yes  ☑ No
5. Result: dismissed as untimely filed
6. Date of Result: June, 3, 2003

B. Second post-conviction proceeding:
1. Name of Court: Fourth Circuit Court of Appeals
2. Nature of Proceeding: 28 U.S.C. § 2244 (b)(3)
3. Grounds Raised: Johnson v. United States, 135 s.ct.2551
4. Did you receive an evidentiary hearing ? ☐ Yes  ☑ No
5. Result: denied
6. Date of Result: June of 2016

C. Did you appeal to the result of the post conviction proceeding(s) to the highest court having jurisdiction?
1. First proceeding:  ☐ Yes  ☑ No  Result: _____
2. Second proceeding: ☐ Yes  ☑ No  Result: _____

D. If you did not appeal the adverse result of the post-conviction proceeding(s), explain briefly why not: The Petitioner could not appeal the decision of the court concerning the denial of his request for a second or successive habeas petition.

12. For your information, the following is a list of the most frequently raised grounds for relief in applications for habeas corpus pursuant to 28 U.S.C. §2241. You may raise any grounds which you may have other than those listed. However, in this application, you should raise all available grounds on which you base your petition. **Do not check** any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. **The petition will be returned to you if you merely check one or more of the grounds:**

A. U.S. Parole Commission unlawfully revoked my parole.
B. Federal Bureau of Prisons unlawfully computed my sentence.

Third post-conviction proceeding:

    1. Name of Court: Fourth Circuit Court of Appeals
    2. Nature of Proceeding: 28 U.S.C. § 2244 (b)(3)
    3. Grounds Raised: United States V. Davis, 139 s.ct. 2319
    4. No evidentiary hearing was held
    5. Result : denied
    6. Date of Result: November of 2019


Fourth post-conviction proceeding:

    1. Name of Court: United States District Court
    2. Nature of Proceeding: 18 U.S.C. § 3582 (c)(1)(A)
    3. Grounds Raised: First Step Act: Sec. 403
    4. resentencing hearing held in January of 2021
    5. granted
    6. January,2021


Fifth post-conviction proceeding:

    1. Name of Court: Fourth Circuit Court of Appeals
    2. Nature of Proceedings: 28 U.S.C. § 2244 (b)(3)
    3. Grounds Raised: First Step Act: Sec. 403, the court
       committed a reversible error during the resentencing
       hearing held in January of 2021.
    4. no evidentiary hearing held
    5. denied
    6. June, 2022


Sixth post-conviction proceeding:

    1. Name of Court: United States District Court
    2. Nature of Proceeding: 28 U.S.C. § 2255
    3. Grounds Raised:  illegal sentence pursuant to the
       enactment of the First Step Act of 2018.
    4. no evidentiary hearing held
    5. denied as successive
    6. September of 2022


Seventh post-conviction proceeding:

    1. Name of Court: Fourth Circuit Court of Appeals
    2. Nature of Proceeding: 28 U.S.C. § 2244 (b)(3)
    3. Grounds Raised: Concepcion v. United States, 142 s.ct.
       ( 2022 )
    4. no evidentiary hearing held
    5. denied
    6. March, 13, 2023

9(a)

Attachment A

C.    Federal Bureau of Prisons unlawfully denied me credit for time served in
       state or federal prison.

D.    Federal Bureau of Prisons or State prison system unlawfully revoked my
       good time credits.

E.    There is an unlawful detainer lodged against me.

F.    I am a citizen and resident of a foreign country and I am in custody for an
       act which I had a right to commit under the laws of my country.

G.    The act for which I was convicted is no longer considered to be a crime, and
       I cannot raise this issue in a §2254 petition or a §2255 motion.

**CAUTION: if you fail to set forth all of the grounds in this petition at this
time, you may be barred from presenting additional grounds at a later date.**

State clearly every ground on which you are seeking relief. Summarize briefly the
facts supporting each ground. If necessary, attach a total of five (5) typed or ten
(10) neatly printed pages maximum for all grounds and all attachments.

A.    Ground one: `The consecutive twenty-five year sentences`
`that was imposed by the district court for the violation of`
`924 (c)(1)(a) is now unconstitutionally illegal pursuant to`
`the First Step Act § 403 after the resentencing hearing that`
`was held in January of 2021. Due to the failure of the court`
`to apply the intervening changes of law to the newly imposed`
`sentence.`

Supporting facts: tell your story briefly without citing cases or law. You are
cautioned that you must state facts, not conclusion, in support of your grounds. A
"rule of thumb" to follow is this: who did exactly what to violate your rights at
what time and place). `In September of 2000, the District court`
`sentenced the Petitioner to a consecutive term of 960 months`
`for the four counts of violating 924 (c)(1)(a). The convictions`
`and sentences were imposed as a result of a jury trial and`
`a finding of guilt as to the four counts that where charged`
`in one criminal indictment. In 2018 Congress passed into`

B.    Ground two:

Ground one continued

    Supporting facts continued

law Section 403 of the First Step Act which is a clarifying an
amendment of Section 924 (c)(1)(C)(ii) and the intent of congress
in the creation of the recidivist statute that prohibits the
imposition of consecutive sentences for the convictions of 924 (c)
offenses that occur as a result of a single indictment after a
single trial and finding of guilt, or multiple counts charged in
a single indictment. In 2020, the Petitioner filed a motion for
reduction of sentence pursuant to the Clarifying amendment of Sec.
403 of the First Step Act. In January of 2021, the district court
issued an order granting the Petitioner's motion for the reduction
of his 900 months consecutive sentence. In the sentencing hearing
the district court reduced the Petitioners sentence by 527 months.
In doing so the district court only reduced protion of the imposed
sentence. Of the three consecutive 300 months sentences, the court
vacated one twenty-five year sentence, and reduced another of the
300 month sentence by 227 months. Which consists of 19 years and
leaving the remaining 13 moths as part of the third consecutive
300 month sentence that is also consecutive to the 60 month
sentence that was imposed for the first conviction of 924 (c)(1)(a).
As a result of the resentencing hearing, the Petitioner was left
with a sentence of 433 months for the remaining three counts of
924 (c)(1)(a). As the three remaining counts are consecutive to
each other and the 97 months that was imposed for the four counts
of armed bank robbery. Pursuant to the Supreme Couret holding in
Concepcion v. United States, 142 s.ct.＿＿＿＿＿ ( 2022 ), and the
clarifying amendment of Sec. 403 of the First Step Act, and
United States v. Collington, 995 F.3d 347 ( 4th Cir. 2021 ), the
remaining consecutive sentences is unconstitutionally illegal
and exceeds the statutory maximum allowed by law.
    The records and sentencing transcripts of the resentencing
hearing would show that the court erroneously relied upon the
§ 3553 (a) factors to substaniate the imposition of the remaining
consecutive 433 month sentences. Based on the intervening changes
of law the 3553(a) sentencing factors cannot exceed the statutory
maximums allowed by law. As such the district court should have
vacated the three consecutive 300 months sentences and imposed a
sentence of three consecutive five year sentences following the
imposition of the first 60 month consecutive sentence, or imposed
a sentence of 60 month concurrent with each other for the four
counts of 924 (c)(1)(a).

**Attachment A**

_____
_____
_____
_____
_____

Supporting facts:

_____
_____
_____
_____
_____

C.    Ground three:

_____
_____
_____
_____
_____

Supporting facts:

_____
_____
_____
_____
_____

D.    Ground four:

_____
_____
_____
_____
_____

**Attachment A**

Supporting facts:

_____

_____

_____

_____

13. Were all of the above grounds presented to another court, state or federal? If not, state which grounds were not presented. If yes, state the name of the court, date of decision, and the nature of the outcome: This claim was presented to the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244 (b)(3) based on the decision entered in Concepcion v. United States  142 S.CT. 2389 ( 2022 ). The Fourth Circuit Court of Appeals denied the Movant's request for a second / successive habeas petition under the doctrine of res judacata

14. If this petition concerns prison disciplinary proceedings, a parole problem, computation of sentence, or other case under 28 U.S.C. § 2241, answer the following questions:

    A.    Did you present the facts in relation to your present petition in the prison's internal grievance procedure?

            ☐  Yes      ☐  No

        1.    If your answer to "A" above was yes, what was the result:

_____

_____

_____

_____

13 continued

in which the court relied upon an earlier decision of the court
that was entered on direct appeal after the resentencing hearing
that was held in January of 2021. The court relied upon the circuit
precedent at that time which was United States v. McCoy, 981 F.3d
271, ( 2020 ). However, the holding in Collington, 995 F.3d 347
abbrigates the decision of McCoy as far the imposition of an
upward departure sentence outside the guideline range and that
exceeds the guideline maximum for the charged offense. The Court's
decision was based on the previous holding in McCoy in denying
the Petitioner's request for a second or successive habeas petition.

Attachment A

    2.     If your answer to "A" above was no, explain:

_____

_____

_____

B.    If you are a federal prisoner, did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

        ☑    Yes       ☐    No

    1.     If your answer to "B" above was yes, what was the result: The Petitioner exhausted his administrative remedies and then filed a 3th then filed his motion under 3582 (c)(1)(A) which was granted by the trial court. This Petition follows errors committed during the resentencing hearing.

    2.     If your answer to "B" above was no, explain:

_____

_____

_____

15.    Relief: State here, as briefly as possible, exactly what you want the court to do for you:

    1.     Make **no** legal arguments.
    2.     Cite **no** cases or statutes.

    The Petitioner would ask the court to issue an order vacating the remaining two consecutive 300 months sentences based on the newly imposed sentence, and issue an order directing the respondent to release the Petitioner from his term of incarceration , whereby pursuant to the First Step Act the lawfully imposed sentence would have expired under the sentencing guideline maximum of five years pursuant to Sec. 403 of the First Step Act.

Attachment A

16.  If a previous motion to vacate or modify a prisoner's sentence, pursuant to Section 2255, was not filed, or if such a motion was filed and denied, the reasons why Petitioner's remedy by way of Section 2255 is inadequate or ineffective to test the legality of the detention. : (1), At the time of the committed offenses and the Petitioner's trial and conviction and subsequent sentencing. The settled law of the Supreme Court in United States v. Deal, 508 U.S. 129, 113 s.ct. 1993, established the legality of the Petitioner's conviction and imposed sentences for the multiple counts of violations of 924 (c)(1)(a) that was charged in a single indictment and the consecutive sent

Signed this ___11___ day of ___4___, ___2023___.
         (day)         (month)        (year)

*James C. Holmes*
_____
Your Signature

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state), under penalty of perjury, that the foregoing is true and correct.

Date of Signature: __11/4/2023__        *James C. Holmes*
                                                      _____
                                                      Your Signature

16 continued

sentences imposed by the district court.
    (2), Subsequent to the Petitioner's direct appeal and his first post-conviction motion under § 2255, the substantive law changed based on the clarifying amendment issued by Congress for 18 U.S.C. § 924 (c)(1)(C)(ii), in the First Step Act, Sec. 403, that was signed into law in December of 2018. The passing of the clarifying amendment by congress constituted a statutory change of law based on its interpretation of the pre-existing statute, as such it was not retroactive. But was dependent upon the discreation of the trial court and the amendments made to 18 U.S.C. § 3582 (c)(2) under Sec. 601 of the First Step Act, and § 1B1.13 ( a-d ). Based on the clarifying amendments to the recidivist statute of 924 (c)(1)(C)(ii), the district courts within the fourth circuit vacated the sentences of defendants who received consecutive sentences for multiple counts of violating 924 (c)(1)(a). See United states v. McCoy, 981 F.3d 271 ( 4th Cir. 2020 ): United States v. Jones, 2022 U.S. App. Lexis 17615 : United States v. Jenkins, 2021 U.S. App. Lexis 36587 : United States v. Mack, 838 Fed. App'x. 772 ( 4th Cir. 2021 ).
    (3), The Petitioner is unable to meet the gatekeeping provisions of 2255 (e) for a second or successive motion. The Petitioner filed his petition in the Fourth Circuit Court of Appeals pursuant to to the recent authorative case law announced by the Supreme Court in  Concepecion v. United States, 142 s.ct. 2319. The Petitioner's request for a second or successive habeas petition was denied by the court of appeals in Marct of 2023.Based on the principle of res judacata the Petitioner is unable to file his habeas petition ih the court of original jurisdiction. Pursuant to the holdings in McCarthan v. Director of Goodwill Industries- Suncoast Inc. 851 F.3d 1076 ( 11th Cir. 2017 ). The denial of the Petitioner's request satisfys the gatekeeping requirements under the savings clause for an application pursuant to 28 U.S.C. § 2241.Wherefore, the procedural impediment of res judacata renders the remedy of § 2255 inadequate and ineffective to test the legality of the Petitioners sentence as being unconstitutionally illegal.
    (4), Due to the non-retroactive change of statutory law, the Petitioner's sentence now presents an error sufficiently grave enough to be deemed a fundamental defect. The 433 month sentence, and the consecutive 300 months entneces exceeds the statutory maximum allowed by law under the sentencing guidelines for the charged offenses pursuant to the newly enacted First Step Act, Sec. 403, Clarifying amendment. Wherefore, the 433 month sentence is unconstitutionally illegal as a matter of law.

14 (a)