# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JAMES COURY HOLMES,**

    Petitioner,

v.                                                                       **CIVIL ACTION NO.: 3:23-CV-103 (GROH)**

**WARDEN R. BROWN,**

    Respondent.

## ORDER DISMISSING PETITION

Pending before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking to vacate the Petitioner's conviction and 530-month sentence[1] imposed in the District of South Carolina. See ECF Nos. 1 & 19.

A case must be dismissed if a petitioner does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (applying the Twombly standard and emphasizing the necessity of *plausibility*). Further, in proceedings where the prisoner appears in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which

---

[1] Following his conviction by a jury of four counts of armed bank robbery and four counts of using and carrying a firearm during and in relation to a crime of violence, the Petitioner was sentenced to 1057 months of incarceration, "which consisted of 97 months on the bank robbery counts followed by 960 months' imprisonment for the 'stacked' § 924(c) convictions." D.S.C. 6:00-CR-107, ECF Nos. 185 at 1, 220 at 1. The Petitioner filed a motion for compassionate release requesting a reduction of sentence, which was granted in part ON January 28, 2021, when the sentencing court reduced his sentence to 530 months' imprisonment. D.S.C. 6:00-CR-107, ECF Nos. 185 at 8, 220 at 2. In his amended petition, the Petitioner asks the Court to "issue an order vacating the remaining two consecutive 300 month[ ] sentences based on the newly imposed sentence" and order his release. ECF No. 19 at 11.

relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

Prisoners seeking to challenge the validity of their convictions or sentences are required to proceed under 28 U.S.C. § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus pursuant to § 2241 is generally intended to address the execution of a sentence and should be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).

Although § 2255 expressly prohibits a prisoner from challenging their conviction or the imposition of their sentence through a § 2241 petition, there is nonetheless a "saving clause" that permits an otherwise prohibited challenge under § 2241 if they show § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 due to (1) a limitation bar, (2) the prohibition against successive petitions, or (3) a procedural bar from failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective," and the standard is an exacting one. The Supreme Court held in Jones v. Hendrix, 599 U.S. 465, 143 S.Ct. 1857 (2023), that a petitioner cannot use a § 2241 petition to mount a successive collateral attack on the validity of a federal sentence. See also Hall v. Hudgins, 2023 WL 436358 (4th Cir. 2023).

The Supreme Court's decision in Hendrix invalidates the tests previously established by the Fourth Circuit for a petitioner to challenge the legality of their conviction or sentence. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) and United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018). Because the requirements of the savings

clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) saving clause must strictly meet the statutory test for this Court to have subject matter jurisdiction. Absent subject matter jurisdiction, there is nothing left for the Court to do but dismiss a case.

Here, the Petitioner alleges that he is entitled to relief because: (1) his consecutive 25-year sentences for violations of § 924(c)(1) are "now unconstitutionally illegal pursuant to the First Step Act" [ECF No. 19 at 6]; (2) the sentencing court "erroneously relied upon the § 3553(a) factors to substantiate the imposition of the remaining consecutive 433 month sentences" [Id. at 7]; (3) the sentencing court should have vacated the Petitioner's three consecutive 300 month sentences and instead imposed three consecutive five year sentences [Id.]. As relief, the Petitioner requests that the Court vacate his sentence imposed in the District of South Carolina. Id. at 11.

The Petitioner does not rely on newly discovered evidence or a new rule of constitutional law. Thus, relief under 28 U.S.C. § 2255(h) is inappropriate. For the Petitioner to obtain relief under § 2241, he must rely on the narrowly tailored application of § 2255(e). The Petitioner cannot meet this limited exception.

Because the Petitioner cannot satisfy § 2255(e), his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his Petition. When subject matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (internal citation omitted); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

This Court lacks subject matter jurisdiction. Therefore, the Petitioner's § 2241 Petition [ECF No. 1] is **DENIED AND DISMISSED WITHOUT PREJUDICE.**

4

The Clerk of Court is **DIRECTED** to remove this case from the Court's active docket. The Clerk is further **DIRECTED** to forward a copy of this Order to all counsel of record and to mail a copy to the Petitioner, certified mail, at his last known address.

**DATED:** December 1, 2023

*[signature]*
GINA M. GROH
UNITED STATES DISTRICT JUDGE